UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 06-115-DLB

BERNADINE STACY, O/B/O
BOBBY STACY                                                                                            PLAINTIFF


vs.                                **MEMORANDUM OPINION & ORDER**


MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                  DEFENDANT


\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's decedent, Bobby Stacy, filed an application for Supplemental Security Income (SSI) payments on March 14, 2000. (Tr. 89-92). Relevant to the pending appeal is that Stacy had filed two prior applications for SSI. The first was filed on September 8, 1994, following which he was found to be disabled as of November 1, 1994, due to alcoholism. His SSI payments ceased effective January 1, 1997, which decision was affirmed by the May 21, 1998, decision of Administrative Law Judge (ALJ) Mack H. Cherry. (Tr. 53-61). Stacy filed a second application for SSI payments on September 18, 1998,

which application was ultimately denied by the January 28, 2000, decision of ALJ David B. Daugherty. (Tr. 33-42).

In Stacy's instant application, he alleges he became disabled on January 29, 2000 (the day following the prior ALJ decision), due to lower back and right leg and foot pain, shortness of breath, asthma, difficulty dealing with crowds and the public, anger, difficulty with memory and reading, fatigue, headaches, and blackouts. (Tr. 89, 96, 103, 111). His application was denied initially on May 22, 2000 (tr. 67-70), and denied July 31, 2000, on reconsideration (tr. 72-75). Stacy requested an administrative hearing, but then passed away on December 23, 2000. His widow, Bernadine Stacy, was substituted as Plaintiff on November 21, 2002. (Tr. 94).

An administrative hearing was conducted on December 9, 2002, in Prestonsburg, Kentucky, before ALJ Judith A. Showalter, who took testimony from decedent's widow. (Tr. 240-77). ALJ Showalter issued her written decision on February 26, 2003, finding that Bobby Stacy was not disabled under Social Security standards and therefore not entitled to SSI payments. (Tr. 13-22). This decision became the final decision of the Commissioner when the Appeals Council denied review on May 5, 2006. (Tr. 3-5).

On June 5, 2006, Plaintiff filed the instant action. The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication.

## II.  DISCUSSION

**A.    Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994).

"Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1 of the present appeal, the ALJ found that Plaintiff's decedent had not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. 14). At Step 2, the ALJ found Stacy's right leg and foot pain, his hearing loss, and alcohol dependence to be severe impairments within the meaning of the regulations. (Tr. 15, 21). At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of

impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 15, 17).

At Step 4, the ALJ found that there had been no medical evidence of improvement or worsening in Stacy's physical condition prior to his death and therefore adopted the prior ALJ's RFC. (Tr. 18). *See Drummond v. Comm'r of Social Security,* 126 F.3d 837, 842 (6th Cir. 1997)(permitting ALJ to look to and rely upon earlier ALJ finding absent evidence of a change in claimant's situation or condition). Specifically, ALJ Showalter found that he retained the residual functional capacity (RFC) to perform a significant range of medium work because he was able to lift or carry 50 pounds occasionally and 25 pounds frequently, but could never climb ladders, ropes, or scaffolds and would have been required to avoid jobs requiring acute hearing. (Tr. 19).

ALJ Showalter's decision also reflects that, based upon the psychiatric review and assessment by Dr. Stuart Gitlow (tr. 232-38), the record did not evidence Stacy had a mental impairment after his alleged onset date that was severe in that it caused significant functional difficulties. Nevertheless, the ALJ chose to give Mr. Stacy the benefit of the doubt by finding he in fact had nonexertional limitations due to a severe mental impairment as opined by psychologist Lea Jean Perritt (tr. 189-200). Accordingly, the ALJ assessed that mentally, Stacy had moderate limitation in his ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and to respond appropriately to changes in the work setting. (Tr. 19, 21). Based upon this RFC, the ALJ concluded at Step 4 that

Plaintiff's decedent would have been unable to perform all of the requirements of his past relevant work as an auto mechanic and a tree cutter (tr. 19), and so she proceeded to the final step of the sequential evaluation.

At Step 5, the ALJ found that there were a significant number of jobs that would have been available to Stacy in the national and regional economies, despite his limitations. (Tr. 20). This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Stacy's age (40 at the time of his death and so a "younger" individual), education (high school, a point disputed on appeal, as discussed hereinbelow), past relevant work experience (no material transferable skills), and RFC. (Tr. 270-75). The VE testified that Stacy could have obtained employment at the medium capacity level as a hand packer or packaging machine operator, at the light capacity level as an assembler or food counter worker, and at the sedentary capacity level as an addresser/labeler or security monitor. (*Id.*). Since these were positions of significant number in both the regional and national economies, the ALJ concluded that Stacy was not disabled under the Social Security Act prior to his death. (Tr. 21).

**C.    Analysis**

On appeal, Plaintiff does *not* take issue with ALJ Showalter's findings relating to her late husband's physical and mental RFC. Rather, her sole challenge in this appeal is directed to the ALJ's finding about her late husband's education level. In her written decision, the ALJ describes decedent as having a "tenth grade" (tr. 14) and therefore "limited" (tr. 19, 21) education. But as Plaintiff points out, when ALJ Showalter presented hypothetical questions to the VE at hearing, she asked the VE to assume an individual of Stacy's age, "high school" education and job history. (Tr. 271). Plaintiff contends the VE's

opinion testimony was therefore premised upon a flawed assumption, and fatally so. The Court concludes otherwise.

The reports of decedent's level of education are not consistent in the record. Admittedly, there is evidence that supports ALJ Showalter's written finding that Stacy had a limited education. ALJ Daugherty so found in his January, 2000 decision. (Tr. 30, 34). And the Adult Disability Report signed by Stacy in March of 2000 indicates that the tenth grade was the highest grade of school he completed. (Tr. 102).

But the record also contains evidence that supports the high school level of education proffered by ALJ Showalter to the VE. A mental assessment conducted by a Mountain Comprehensive Care Center psychologist when Stacy was incarcerated in 1988 states he has an eleventh grade education but finished his GED through the National Guard. (Tr. 187). A 1999 mental health Treatment Service Plan prepared by Mountain Comprehensive Care Center also reflects this same eleventh grade formal education with GED obtained while in the National Guard. (Tr. 182). ALJ Cherry's 1998 decision found that Stacy had a high school equivalency education. (Tr. 60). And Plaintiff herself testified she was also of the belief that her late husband received a GED while with the National Guard, although she was not able to obtain those records. (Tr. 247).

The Court finds that the ALJ's description in the hypothetical of Stacy's education level as high school is supported by substantial evidence of record, as the above references reflect. And as pointed out by the Commissioner, Stacy was able to work some 12 years as an auto mechanic, which the VE described as skilled work (tr. 270-71), thereby demonstrating that his education level was equivalent to a high school degree. The ALJ may rely on the testimony of a VE to establish the existence of other jobs in the economy

that a claimant is capable of performing, as long as the testimony is "given in response to a hypothetical question that accurately describes the plaintiff in all significant, relevant respects." *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994).  The ALJ's hypothetical question arguably contained the education level of Stacy that the ALJ accepted as credible and as supported by the record.

In addition, the VE was aware that Stacy's educational status was unclear and review of the record suggests that this discrepancy simply was not material to the processing of Stacy's application.  At hearing, Plaintiff testified:

> A. I understand that he went to the tenth grade.
> Q. Would you have knowledge of that?
> A. Yes.
> Q. Do you know if he ever took the GED exam?
> A. There was a record of it, we think, with National Guard, but we couldn't find it.
> Q. Okay.
> A. We applied.

(Tr. 247).  The VE was present during this testimony.

> Q. And Miss Morrissey, you've had the opportunity to review this file –
> A. I have.
> Q. – prior to the hearing, and you've listened to this lady's testimony.
> A. Yes, I have.

(Tr. 270).  And the VE expressly stated there was nothing further she needed from a vocational standpoint in order to render her opinions in this particular case.

> Q. And did you notice anything in your review of the file that I've not covered that would have a vocational impact I've not covered?
> A. No, Your Honor.

(Tr. 275).  *Cf. Bradford v. Sec'y Dept. of Health & Human Servs.,* 803 F.2d 871 (6th Cir. 1986)(VE had examined plaintiff's file and familiarized himself with contents, and so was basing an opinion on specific knowledge of this plaintiff, not just on a hypothetical person).

Plaintiff, when given the opportunity at hearing, did not deem any discrepancy in the record as to her late husband's education level significant enough to question the VE about it.

Technically, Plaintiff is correct that ALJ Showalter's finding as to Stacy's level of formal education does not correspond with the level she presented to the ALJ in the hypothetical. Plaintiff seeks to have this Court remand on one technical point of potential factual error that, when viewed in context with the entire record, was not pivotal to the ALJ's determination on disability. *See Potter v. Comm'r of Social Security,* 223 Fed. Appx. 458, 463 (6th Cir. 2007)(unpublished)(ALJ's error in identifying claimant's education level in the hypothetical presented to the VE deemed immaterial to the ultimate conclusion claimant was not disabled); *see also Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)(the court "may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence").

The Court concludes that to remand the matter would serve no purpose as it is clear that Plaintiff's education level, in particular the difference between a tenth or eleventh grade limited education and obtaining a GED, is a point that is not a central issue in the case. The positions identified by the VE in response to the ALJ's hypothetical were unskilled. Even assuming that the hypothetical, based on the ALJ's written findings, should have listed limited rather than high school equivalent education, a claimant with limited education may still perform unskilled work. *See* 20 C.F.R. § 416.964(b)(3). The unskilled jobs provided by the VE would be appropriate in circumstances of limited as well as a high school education. Thus, any error by the ALJ on Plaintiff's education is harmless. *Heston v. Comm'r of Social Security,* 245 F.3d 528, 535 (6th Cir. 2001)(no need to remand for ALJ's harmless error); *Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir. 1998)(same).

## III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED.**

A Judgment in favor of Defendant will be entered contemporaneously herewith.

Dated this 26th day of September, 2007.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-06-115-Stacy.MOO.wpd